UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RONALD LEE SHERMAN,            )
                               )
       Plaintiff,              )
                               )
v.                             )        No. 2:16-CV-27-TWP-MCLC
                               )
WASHINGTON COUNTY DETENTION    )
CENTER, OFFICER J. SIMMS, OFFICER )
C. DAVIS, OFFICER KAMPI, and   )
MAJOR DOWNES,                  )
                               )
       Defendants.             )

## MEMORANDUM OPINION

Before the Court is Plaintiff's pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 1], and motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED** *sua sponte*.

I.    **FILING FEE**

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). On February 22, 2016, the Court entered an Order, directing Plaintiff to either pay the full filing fee or submit a copy of his trust-fund account statement for the past six months [Doc. 3]. Plaintiff then submitted a certified copy of his inmate trust account [Doc. 4], and it appears from his application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in*

*forma pauperis* [Doc. 2] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received.

Because Plaintiff is a detainee at the Washington County Detention Center, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum to the Washington County Detention Center to ensure that the custodian of Plaintiff's trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

## II. BACKGROUND

Plaintiff, currently detained at the Washington County Detention Center ("WCDC"), filed this complaint on February 10, 2016 against Defendants WCDC, Officer J Simms ("Simms"), Officer C Davis ("Davis"), Officer Kampi ("Kampi"), and Major Downes ("Downes") [Doc. 1 p. 1]. Plaintiff alleges that his pretrial detention violated his rights under the Fourteenth Amendment, as there was no classification process during intake at the WCDC [*Id.* at 3–4]. Plaintiff claims that because he was a federal pretrial detainee, he should not have been placed in a cell with convicted prisoners [*Id.* at 4]. Further, Plaintiff states that his cell is overcrowded, as he is being detained in

"facilities [which] consisted of [a] 6 x 10-foot cell, in which 2 individuals were confined for . . . at times 30 hours or greater" [*Id.* at 5]. Additionally, Plaintiff alleges that he is being held in maximum security without any explanation from jail officials [*Id.*].

Plaintiff also claims that the food he has received at the WCDC does not constitute an "ample amount" [*Id.*]. Further, Plaintiff alleges that he had several "disagreements" with Defendants Kampi, Simms, and Davis, where Plaintiff informed the correctional officers about overcrowding in his cell, as well as receiving an improper amount of food [*Id.* at 5–6]. Also, Plaintiff claims that after he complained about the amount of food he received, Defendant Davis stated that Plaintiff had refused his meal [*Id.* at 6]. Plaintiff states that when he informed Defendant Downes of his complaints to Defendants Simms and Davis, and that he had not received a requested grievance form, Defendant Downes ignored his repeated requests [*Id.* at 7]. Additionally, Plaintiff claims that as a federal pretrial detainee, he is entitled to be fed three times a day, although Defendant Davis has stated that Plaintiff is only required to be fed twice a day [*Id.*]. Specifically, Plaintiff has documented the food that inmates received at the WCDC on January 29 and January 30, 2016, claiming it demonstrates that he is not being "fed the proper calories per day," although he details receiving three meals a day [*Id.* at 8].

Plaintiff requests "to be treated as a federal inmate or transferred immediately to a federal facility," for the kitchen at the WCDC to conform to federal guidelines, and for Defendants Simms, Davis, Kampi, and Downes to be "penalized" [*Id.* at 9–10].

## III. ANALYSIS

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who

is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, the plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state

law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000). Plaintiff's complaint in its current form fails to state a claim upon which relief can be granted.

    **B.    Proper Defendants**

At the outset, Plaintiff has brought suit against the WCDC, a non-suable entity. [Doc. 1 p. 1]. "The WCDC is a building and not a 'person' who can be sued under § 1983." *See Dickson v. Washington Cty. Detention Center*, No. 2:08-CV-24, 2008 WL 320291, at *1 (E.D. Tenn. Feb. 4, 2008) (citing *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 688–90 (1978)); *Cage v. Kent Cty. Corr. Facility,* No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (holding a jail is not a suable entity)); *see also Satterfield v. Washington Cty. Detention Center*, No. 2:07-CV-71, 2007 WL 2159296 (E.D. Tenn. July 26, 2007). Thus, as the WCDC is not an entity subject to suit under § 1983, the Washington County Detention Center will be **DISMISSED** as a Defendant in this action.

    **C.    Plaintiff's Classification and Overcrowding Claims**

Plaintiff claims that the lack of a classification process during intake at the WCDC violated his due process and equal protection rights under the Fourteenth Amendment, as he was improperly placed in a cell with convicted, non-federal prisoners [Doc. 1 at 3–4].

Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt . . . ." *Bell v. Wolfish,* 441 U.S. 520, 535 (1979) (internal quotations omitted). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. The Eighth Amendment serves as the primary source of protection for a convicted prisoner, whereas a pretrial detainee is entitled to same protection under the Eighth Amendment by way of the Due Process Clauses of the Fifth and Fourteenth Amendments. *See id.* at 535, 537 n.16. Thus, the same analysis which applies to Eighth Amendment claims applies to Plaintiff's claims as a pretrial

5

detainee. *See Whitley v. Albers,* 475 U.S. 312, 327 (1986); *Roberts v. City of Troy,* 773 F.2d 720, 723 (6th Cir. 1985).

Plaintiff's initial placement in a cell with convicted prisoners, as a pretrial detainee, does not state a claim under § 1983, as "the placement of pretrial detainees in a county jail facility with convicted inmates does not violate the Eighth Amendment, without evidence demonstrating that a pretrial detainee was injured by the cell placement." *Brodak v. Nichols*, 162 F.3d 1161 (Table), 1998 WL 553032, at *2 (6th Cir. 1998) (citing *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988)); *see, e.g.*, *Powell v. Sheriff, Fulton Cty.*, 511 F. App'x 957, 964 (11th Cir. 2013) (stating that pretrial detainees have "no constitutional right, much less a clearly established one, to be held in a particular cell or a separate area of a Jail and not be placed back in the general jail population"); *Francis v. Johns*, No. 5:11-CT-3005-FL, 2013 WL 1309285, at *6 (E.D. N.C. Mar. 28, 2013) ("As other courts have held, the practice of housing civil detainees with convicted inmates does not, by itself, violate a civil detainee's constitutional rights."); *Burciaga v. County of Lenawee*, 123 F. Supp. 2d 1076, 1078 (E.D. Mich. 2000) (stating that "the overwhelming weight of persuasive authority holds that unless the state has an intent to punish, or at least displays an indifference toward potential harm to an inmate, pre-trial detainees have no due process right to be housed separately from sentenced inmates").

Plaintiff also claims that his initial placement at the WCDC violated his equal protection rights due to his status as a federal pretrial detainee [Doc. 1 p. 4]. The Equal Protection clause prohibits discrimination by the government which either: 1) burdens a fundamental right; 2) targets a suspect class; or 3) "intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County*, 430 F.3d 783, 788 (6th Cir. 2005). "[P]risoners are not considered a suspect class for purposes

6

of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). Further, placement of prisoners is a matter left to the discretion of state officials, and a prisoner has no constitutional right or protected liberty interest to be housed in any particular facility or unit. *See Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Therefore, Plaintiff's equal protection allegations fail to state a claim for relief under § 1983.

Plaintiff also claims that he was placed into an overcrowded "6 x 10-foot cell, in which 2 individuals were confined for . . . at times 30 hours or greater" [Doc. 1 at 5]. However, Plaintiff's allegations of overcrowding are also insufficient to state a claim for relief under § 1983. The Supreme Court has held that overcrowding in a prison setting is not itself a violation of the Constitution. *See Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981). Overcrowding may constitute an Eighth Amendment violation only if the overcrowded conditions cause an inmate to be denied the "minimal civilized measures" of life's basic needs, such as food, warmth, or exercise. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citing *Rhodes*, 452 U.S. at 347). However, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.*

Plaintiff has failed to allege that the alleged overcrowding resulting in the deprivation of a basic need. *See id.*; *see also Halliburton v. Sunquist,* 59 F. App'x 781, 782 (6th Cir. 2003) (holding "doublecelling, by itself, does not violate the Eighth Amendment"); *Daugherty v. Timmerman-Cooper*, No. 2:10-cv-01069, 2011 WL 3206844, at *3 (S.D. Ohio June 28, 2011) ("Since *Rhodes*, numerous courts, including both the Sixth Circuit and this Court, have emphasized that double or triple celling inmates, without more, is insufficient to state a constitutional claim.") (report and recommendation), *adopted*, 2011 WL 3207053 (S.D. Ohio July 27, 2011). Further, Plaintiff has

7

failed to allege any physical injury suffered as a result of overcrowding at the WCDC. Under the PLRA, a lawsuit brought by an institutionalized person requires a "physical injury" in order to permit recovery. 42 U.S.C. § 1997e(e). The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Accordingly, Plaintiff's allegations that he was improperly placed into an overcrowded cell with convicted prisoners, rather than other pretrial detainees, do not state a claim for relief under § 1983.

**D.     Plaintiff's Improper Nutrition Claims**

Lastly, Plaintiff claims that he was not provided with a sufficient amount of food while detained at the WCDC, correctional officers withheld Plaintiff's food after complaining about the amount, and Defendants failed to provide Plaintiff with grievance forms.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Prison officials deprive prisoners of liberty interests protected by the Due Process Clause when they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As previously stated, although Plaintiff was a pretrial detainee at the WCDC, the Court will analyze his claims regarding the conditions of his confinement under Eighth Amendment principles, because the rights of pretrial detainees are equivalent to those of convicted prisoners. *See Thompson v. Cty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994) (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).

The Eighth Amendment prohibits conditions of confinement that involve "the wanton and unnecessary infliction of pain," that are "grossly disproportionate to the severity of the crime," or

that result in the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* Rather, to violate the Constitution, the alleged conditions must result in the deprivation of a basic human need. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

Plaintiff's allegations do not demonstrate that the conditions at the WCDC "fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Rhodes*, 452 U.S. at 347). In his complaint, Plaintiff fails to state any physical injury suffered as a result of the alleged insufficient caloric intake at the WCDC, and, thus, he cannot state a claim under § 1983. *See* 42 U.S.C. § 1997e(e); *see also Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (holding the plaintiff "cannot bring an Eighth Amendment claim . . . because he did not allege a physical injury"); *Shelton v. Christian Cty. Jail*, No. 5:14-CV-P146-GNS, 2015 WL 236853, at *2 (W.D. Ky. Jan. 16, 2015) (finding where plaintiff alleged no "deleterious effect" of a reduced-calorie diet, not even weight loss, plaintiff had not stated a claim with regard to the prison diet); *c.f. Ward v. Gooch,* No. 5:07–CV–389–JMH, 2010 WL 4608292, at *7 (E.D. Ky. Nov. 5, 2010) (evidence that inmate lost 68 pounds over 10 month period and received 200–700 calories a day for almost a year was sufficient to raise a genuine issue of material fact). Further, although Plaintiff claims that the food provided at the WCDC was against various regulations, mere violations of Tennessee Department of Correction policies and regulations are not actionable under § 1983. *See Taylor v. Dukes,* 25 F. App'x 423, 424 (6th Cir. 2002).

Additionally, "while cold meals may be unpleasant, complaints about the preparation or quality of prison food are generally 'far removed from Eighth Amendment concerns.'" *Anderson v. Rutherford Cty. Jail*, No. 3:15-cv-0106, 2015 WL 7283165, at *3 (M.D. Tenn. Nov. 16, 2015) (quoting *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977)); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 404 (6th Cir. 1999) (Surheinrich, J., dissenting) (stating "cold food apparently is an ordinary incident in prison life"). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles*, 450 F. App'x 448, 454–55 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). Therefore, Plaintiff has failed to establish a deprivation of "the minimal civilized measures of life's necessities," and his allegations about the meals at the WCDC fail to state a claim upon which relief may be granted under § 1983. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citing *Rhodes*, 452 U.S. at 347).

Plaintiff also claims that Defendants Downes, Simms, and Davis failed to provide him with a requested grievance form [Doc. 1 p. 6]. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Further, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, Plaintiff's § 1983 claims relating to his requests for a grievance form also fail to state a claim upon which relief may be granted.

10

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's request to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**. Nonetheless, Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350), and shall follow the procedures as outlined in this Memorandum and Order.

The Court further finds that Plaintiff's § 1983 civil rights complaint fails to state a claim upon which relief may be granted. Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's complaint and the present action will be **DISMISSED** *sua sponte* for failure to state a viable claim under 42 U.S.C. § 1983.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE